**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JAMES HUMBLE, JR.                                                                                           PLAINTIFF
ADC # 117144

v.                                              5:13CV00345-KGB-JJV

ARKANSAS COUNTY
DETENTION CENTER, *et al.*                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

James Humble, Jr. ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights (Doc. No. 2). On February 27, 2014, the Court performed an initial screening and found the Complaint deficient for failing to state a claim upon which relief could be granted as to any defendant (Doc. No. 8). The Court specifically identified how the Complaint was deficient and invited Plaintiff to submit an amended complaint. (*Id.*) Plaintiff submitted an Amended Complaint on March 17, 2014 (Doc. No. 9). But after careful review of the documents, the Court concludes that Plaintiff's suit should be dismissed for failure to state a claim upon which relief may be granted.

### II.   SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III. ANALYSIS

In its Order inviting Plaintiff to amend his Complaint, the Court noted that any amended complaint would render the original without legal effect (Doc. No. 8). The Amended Complaint submitted by Plaintiff names only Robbie Fread and James A. Tucker[1] as defendants (Doc. No. 9). So the Arkansas County Detention Center and Sabrina Greer, both named as defendants in the Complaint, should be dismissed from this action without prejudice.

Additionally, for the following reasons, the Court recommends the remaining defendants should be dismissed for failure to state a claim upon which relief may be granted, and this cause of action should be dismissed.

### A.  Robbie Fread

In his Amended Complaint, Plaintiff's makes three allegations against Defendant Fread,

---

[1] Plaintiff's initial Complaint named both James A. Tucker and Jim Tucker as defendants. His Amended Complaint appears to indicate that these are the same person (Doc. No. 9 at 5).

3

Administrator of the Arkansas County Jail. (Doc. No. 9.) They are, in the order they appear: (1) that Fread refused to allow him "up to date" legal materials with which he can defend himself; (2) Fread refused to allow Plaintiff to contact his family and a Catholic priest; and (3) Plaintiff has been subject to multiple physical assaults which have not been reported and for which he has only seen a doctor once.

With regard to Plaintiff's first claim, the Court begins by noting that prisoners "enjoy a constitutional right of access to the courts and the legal system." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). That right of access requires that inmates be provided with adequate law libraries or with adequate assistance from individuals trained in the law so that they may prepare and pursue complaints. *Id*. It is not enough, however, merely to allege that a law library is deficient. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, an inmate must allege that the shortcomings of the library or prison legal assistance program culminated in an actual injury - namely that it hindered the pursuit of a legal claim. *Id*. Here, Plaintiff alleges only that the legal materials provided him by Fread are not up to date and that he is, therefore, unable to defend himself. (Doc. No. 9, at 5.) Plaintiff's numerous accompanying documents also do not shed light on how the law library fails to meet constitutional muster. Plaintiff simply does not state how the provided legal materials are insufficient, or how their insufficiency hindered any of his legal claims. In the absence of a specifically alleged injury, Plaintiff's allegations against Defendant Fread concerning the adequacy of the law library should be dismissed.

Next, the Court turns to Plaintiff's allegation that Defendant Fread refused to allow him to contact his family and a Catholic priest. It is unclear what constitutional right Plaintiff implicates in this allegation. It is well settled that prison officials can reasonably limit an inmates' rights to communicate with people outside the prison. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.

4

1985). Plaintiff does not allege the existence of any unreasonable limitations in his Amended Complaint. Nor does he specify Defendant Fread's role in preventing him from contacting his family. The "Request Form" Plaintiff submitted shows he asked for a priest, to which the jail Administrative Officer responded, "we will try." Neither Plaintiff nor the accompanying documents explain how any constitutional right was violated. In the absence of specific allegations of constitutional misconduct on the part of Defendant Fread, the Court finds that this claim should be dismissed.

Finally, the Court turns to Plaintiff's allegations of physical assault and inadequate medical care. Plaintiff's Amended Complaint only states he was subjected to "multiple physical assaults that I required since I have been locked up here and nothing has been reported about them. [I have] only been to the [doctor] once over the last assault." (Doc. No. 9 at 6.) His allegations fail to describe how Defendant Fread, as jail administrator, was responsible for either the physical assaults or the allegedly inadequate medical care which followed. Moreover, Plaintiff does not allege how, if at all, he was injured by either the assaults or inadequate medical care. The Court reminds Plaintiff that he must demonstrate some actual injury[2] to succeed on an Eighth Amendment claim for either failure to protect or inadequate medical care. *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994). For the foregoing reasons, the Court finds that Plaintiff has failed to state a cognizable claim against Defendant Fread for either the alleged physical assaults or the allegedly inadequate medical care.

**B.    James A. Tucker**

Plaintiff names James A. Tucker, Chief of the Dewitt Police Department, as a defendant to this action. Upon review of the Amended Complaint, however, the Court is unable to discern exactly what claims, if any, Plaintiff alleges against him. It appears Plaintiff is challenging his underlying

---

[2]A plaintiff alleging a failure to protect may also succeed where he alleges that the conditions to which he is subjected are likely to cause serious injury in the future. *Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (8th Cir. 2010). Plaintiff has made no such allegation in the present case.

conviction because of "false reports and false witness statements." (Doc. No. 9 at 5.) Plaintiff fails to state how Defendant Tucker is connected to those allegedly false reports and statements. In the absence of a cognizable claim of constitutional misconduct against Defendant Tucker, the Court finds it appropriate to dismiss him from the present suit.

## IV.  CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Defendants James A. Tucker and Jim Tucker are the same person, so the Clerk shall terminate Jim Tucker.

2. Defendants Arkansas County Jail and Sabrina Greer be DISMISSED without prejudice pursuant to Plaintiff's Amended Complaint.

3. Plaintiff's claims against Defendants Fread and Tucker be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

4. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 13th day of May, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."